UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CRAIG A. HERNDON, et al., | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:05CV01446 ERW |
| | ) | |
| U.S. BANCORP ASSET | ) | |
| MANAGEMENT INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

The matter comes before the Court on Defendants Motion to Exclude [doc. #59]. A hearing was held on June 27, 2007 and the Court heard arguments from the parties on the Motion.

In August 2005, Plaintiffs filed suit against Defendants in the Circuit Court for St. Louis County, Missouri alleging that Defendants violated the Prudent Investor Act, RSMo. §§ 469.900 to 469.93 by failing to recommend and implement an appropriate investment strategy for their respective accounts. The jury trial in this matter is set for July 30, 2007.

In the Motion to Exclude, Defendants request that the Court exclude the expert testimony of Mr. Gery T. Blackburn, on the grounds that he offers opinions outside his area of expertise, which he is not qualified to give, and that his damage calculations are without proper foundation or lack the requisite reliability in the methodologies utilized. Defendants argue Mr. Blackburn cannot or will not offer an opinion on the primary question of how Plaintiffs' assets should have been invested and what their damages were. Defendants also claim Mr. Blackburn's testimony should be limited to offering his opinion that he believes a professional advisor should recommend

a fixed income allocation in an overall investment portfolio.

In opposing the Motion, Plaintiffs state that Mr. Blackburn has the education, training, experience, knowledge and skill to assist the jury in understanding the evidence and determining the facts at issue.  Plaintiffs claim that Mr. Blackburn will opine as to 1) the process which investment professionals follow, in managing the assets of third parties and in discharging their duties prudently, and whether U.S. Bank followed that process; and 2) calculations comparing the performance of Plaintiffs' actual portfolios to model portfolios which had properly-diversified asset allocations, in light of Plaintiffs' risk tolerances and investment desires.

While Defendants' arguments suggest that Mr. Blackburn may not be qualified to offer reliable testimony on issues raised in Defendants' Motion, there are insufficient facts before the Court, at this time, to make a dispositive ruling on the Motion.  Consequently, the Court will rule Mr. Blackburn's qualifications during trial, after presentation of evidence regarding issues to be addressed by him.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Exclude [doc. #59] is **HELD IN ABEYANCE**.

Dated this 28th day of June, 2007.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com